Cancel *v.* The Registrar of Property.

Appeal from a decision of the Registrar of Property
of Arecibo.

No. 25.—Decided June 23, 1909.

Sale of Property in Payment of Taxes—Redemption by a Mortgagee—
Record of the Act of Redemption.—When a property subject to a mortgage
lien is sold to a third person for the payment of delinquent taxes and re-

deemed by the mortgagee himself as such mortgage, by the payment to the purchaser of the amount of the price of the property sold at auction, interest thereon and the amount of the paid receipts of delinquent taxes, he is not entitled to have the ownership of the property redeemed by him, in his capacity of mortgagee, recorded in his favor, but to have the amount of the price of redemption entered in the registry as an augmentation of his mortgage lien, in accordance with section 12 of the Law of Revenues of March 14, 1907.

ID.—AMOUNT OF REDEMPTION.—In accordance with the said Law of Revenues, the amount of redemption paid by a mortgagee of a property sold at public auction has the same legal value as that attaching to the property right of a mortgage recorded in the registry of property in the degree in which it there appears.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

A certificate of the sale of a rural estate bought at public auction by José Antonio Ríos, for the sum of $54.57, which estate had belonged to Tomás Ramos, a delinquent taxpayer, was presented in the Registry of Property of Arecibo.

This certificate of sale was issued by the collector of revenues of Utuado, Macario Rivera, and bears the date of October 27, 1908. On the back of this document appears an indorsement authorized in Utuado on April 21 of the current year, before Notary Osvaldo Alfonso of that town, to the effect that Pascasio Cancel Martínez, as the mortgage creditor, had redeemed said estate upon delivery to the purchaser José Antonio Ríos of the sum of $105.50 as the total price of the estate sold at auction, interest at the rate of 12 per cent per annum and the amount of the receipts for taxes in arrears paid.

The Registrar of Property of Arecibo ''denied the record of the foregoing document requested in favor of Pascasio Cancel Martínez, because the estate having been redeemed by him as a mortgage creditor, such right is limited to accumulating to his credit the money paid and to the receipt thereof and interest at the same rate which said credit brings, according to the last paragraph of section 62 of the act of amend-

ments incorporated, dated March 14, 1907, and on account of this incurable defect, in compliance with the provisions of section seven of the Act of March 1, 1902, a cautionary notice is entered effective for 120 days at folio 150 reverse side, of volume 60 of Utuado, estate No. 1939, triplicate, record letter H.''

Pascasio Cancel Martínez took an appeal which is awaiting the decision of this Supreme Court.

In furtherance of justice the registrar of Arecibo was requested to furnish a certified copy of the record made in favor of the original owner of the estate and of the successive owners and here we have the entire history of the estate and it appears that the ownership thereof is still recorded in favor of the delinquent taxpayer, Tomás Ramos, and that the appellant Pascasio Cancel Martínez also has a mortgage credit thereon recorded.

Now if we thought that Cancel took his certificate to the registrar for the purpose of having the ownership of the estate redeemed by him as a mortgage creditor recorded in his favor, then we would have to agree with the decision of the Registrar of Property of Arecibo denying the record.

But it appears to us that his intention was a different one, limited to the right granted him by the Internal Revenue Law approved March 14, 1907. (See laws of this year, p. 330.)

Section 12 of this act provides as follows:

''When the property is redeemed by a mortgagee, the redemption money paid by him shall be added to his or her mortgage lien and may be recovered with the same rate of interest borne by the mortgage lien, etc.''

In the same way that only homogeneous sums can be added, so also in this case when it is provided that the redemption money shall be added to the mortgage lien, it is because this special law considers that the two credits are homogeneous, and gives the redemption money the same legal value as the

property right of mortgage recorded in the registry of property in the degree which such registry shows.

On some occasions this right which the law grants a mortgage creditor who redeems the property encumbered in such character would be illusory if this new right which he acquires under the law, a right which under the law is of a nature similar to his mortgage credit, were not recorded in some form in the registry.

In any event frequent litigation would arise because a third person has recourse to the registry in matters of ownership and other property rights and if a right is not recorded or entered, it would be a matter of discussion whether he would be obliged to recognize it with all its consequences.

Thinking thus we believe that the purpose of Cancel was to obtain a record on his mortgage credit to the effect that the latter had been increased by $105.50, which was the amount paid for the redeemed property, with interest at the same rate as his mortgage credit, the notice of the attachment which had been made for the sale of the estate for the recovery of the taxes, being also canceled.

This is what we believe to be proper to guarantee this new right of Cancel and for this reason the decision of the Registrar of Property of Arecibo denying the record should be reversed, and it is ordered that he record the extension of the mortgage credit according to the title presented, in such form as may be proper.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.